```
JS-6                UNITED STATES DISTRICT COURT          Priority    _____
                    CENTRAL DISTRICT OF CALIFORNIA        Send        _____
                                                          Enter       _____
                       CIVIL MINUTES - GENERAL            Closed      _____
                                                          JS-5/JS-6   _____
                                                          Scan Only   _____
```

CASE NO.:  2:18-cv-01030 SJO                     DATE: September 25, 2018
           2:16-bk-17275-ER

TITLE:     In re Alan Riche and Wendy Riche

========================================================================

**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                                 Not Present
Courtroom Clerk                                  Court Reporter

**COUNSEL PRESENT FOR APPELLANT:**               **COUNSEL PRESENT FOR APPELLEE:**

Not Present                                      Not Present

========================================================================

**PROCEEDINGS (in chambers): ORDER AFFIRMING BANKRUPTCY COURT'S ORDER VACATING ORDER GRANTING APPELLANT'S MOTION TO DISMISS**

This matter is before the Court on the appeal by Appellant Illyssa I. Fogel ("Fogel" or "Appellant") of the United States Bankruptcy Court for the Central District of California's (the "Bankruptcy Court") order (1) denying Appellant's Motion to Dismiss; and (2) remanding the action to the Los Angeles Superior Court ("Order") in case number 2:16-bk-17275-ER.  Appellant filed her opening brief ("Opening Brief") on April 23, 2018.  Appellees Alan Riche and Wendy Riche (collectively, the "Riches" or "Appellees") filed a brief answering the Opening Brief on May 23, 2018 ("Response Brief").  Appellant filed a reply in support of the Opening Brief ("Reply Brief") on June 4, 2018.  For the following reasons, the Court **AFFIRMS** the Bankruptcy Court's Order denying Fogel's Motion to Dismiss and remanding the action to the Los Angeles Superior Court.

I.      FACTUAL AND PROCEDURAL BACKGROUND

        A.      Factual and Procedural Background

The Complaint alleges the following.  The Appellees retained Defendants Alan F. Broidy, Law Offices of Alan F. Broidy, APC, Fogel, and Fogel & Associates (collectively, "Defendants") and her law firm in or around May 2016 to advise them regarding their financial difficulties and possible relief under the Bankruptcy Code. (Compl. ¶ 5.) On May 31, 2016, Appellees authorized the filing of a Chapter 7 Bankruptcy Petition and related documents on their behalf, based on Appellant's recommendation. (Compl. ¶ 5.) Appellant represented Appellees beginning in May 2016 through at least August 2016, when Appellees requested Appellants file a substitution of counsel in the bankruptcy case. (Compl. ¶ 5.) Appellant advised Appellees, among other things, that they would be able to retain their home through bankruptcy proceedings. (Compl. ¶¶ 7-8.)  In July 2016, the Chapter 7 bankruptcy trustee (the "Trustee") advised Appellees that the Trustee intended to sell Appellees' home, in direct contradiction to Appellant's advice. (Compl. ¶ 9.)  Upon being confronted with these facts, Appellant and her law firm admitted that their analysis was mistaken, and advised Appellees that there was no basis to oppose the sale of their home. (Compl. ¶ 10.)

CASE NO.:   2:18-cv-01030 SJO                    DATE:  September 25, 2018
            2:16-bk-17275-ER

Appellees allege that Appellant and her law firm negligently breached their duty of care in fulfilling their professional obligations. (Compl. ¶¶ 11-12.)

On January 19, 2017, the Bankruptcy Court approved the Trustee's motion to sell Plaintiffs' home. On July 27, 2017, the Riches filed the instant action against Defendants in the Los Angeles County Superior Court alleging legal malpractice. (Notice of Removal, Complaint, Appellants' Excerpts of R., Ex. 7, ECF No. 15.) On August 10, 2017, the Trustee filed his Final Report. (Trustee's Final Report, Appellants' Excerpts of R., Ex. 4.) On August 16, 2017, the Riches amended their schedules to include a potential claim for malpractice, which they valued at $0.00. (Debtors' Amended Schedules, Appellants' Excerpts of R., Ex. 5.) The Riches removed the action to the Bankruptcy Court on November 7, 2017. (*See* Notice of Removal, Appellants' Excerpts of R., Ex. 7.) On November 15, 2017, the Trustee filed his Final Account, certifying that the estate had been fully administered and requesting to be discharged. (Ch. 7 Trustee's Final Account and Distribution Report Certification, Appellants' Excerpts of R., Ex. 6.)

   B.   Remand

On December 8, 2017, Defendants filed a motion to dismiss for lack of standing and lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1) ("Motion to Dismiss"). (Mot. to Dis., Appellants' Excerpts of R., Ex. 8.) In the motion to dismiss, Defendants argued the claims alleged in the Complaint are prepetition claims that belong to the estate to be prosecuted by the Trustee, and, thus, Appellees did not have standing to assert the claims. (Mot. to Dis. 3.) On January 11, 2018, the Bankruptcy Court issued an order (1) denying Defendants' Motion to Dismiss; and (2) remanding the action to the Los Angeles Superior Court. The crux of the Bankruptcy Court's decision is that the malpractice claims are property of the Appellees, not the estate. (Mot. to Dis. Order 26, ECF No. 1.) Since the malpractice claims are property of the estate, the Bankruptcy Court determined it did not have subject matter jurisdiction over the Complaint, and remanded the action to State Court. (Mot. to Dis. Order 28.)

II.   DISCUSSION

Appellant challenges the Bankruptcy Court's Order denying the Motion to Dismiss and remanding the case the Superior Court of Los Angeles. In her Opening Brief, Appellant makes the following arguments: (1) the alleged contingent malpractice claim is the estate's property, and only the trustee can prosecute it; (2) Appellees did not receive an assignment of the claim, amend their schedules to reflect the claim until long after Appellant had been substituted out of the case, or protect their interest in the home or the homestead exemption when they had the opportunity to do so; (3) the Chapter 7 trustee did not abandon the claim; and (4) Appellees did not have standing to assert the claim and the Bankruptcy Court lacked subject matter jurisdiction over it. (*See* Appellant Opening Br., ECF No. 14.) Appellees respond that: (1) the trial court correctly found that the malpractice action was not the property of the estate; (2) the Trustee's final report

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.:   2:18-cv-01030 SJO                    DATE:  September 25, 2018
            2:16-bk-17275-ER

abandoned the claim to the respondents; and (3) if the Court reverses the Bankruptcy Court's order, it should order a remand with instructions to the Bankruptcy Court to order the Trustee to either abandon the case, or intervene as plaintiff and prosecute it.  (*See* Appellee's Response Brief, ECF No. 16.)

    A.    Jurisdiction and Standard of Review

"The district courts of the United States shall have jurisdiction to hear appeals ... from final judgments, orders, and decrees ... of bankruptcy judges." 28 U.S.C. § 158(a)(1). "The bankruptcy court's conclusions of law and interpretation of the Bankruptcy Code are reviewed de novo and its factual findings for clear error."  *In re Greene*, 583 F.3d 614, 618 (9th Cir. 2009).  Clearly erroneous factual findings are illogical, implausible, or without support in the record.  *Id.*

    B.    Analysis

The Court addresses each of the Bankruptcy Court's findings in turn.

        1.    The Bankruptcy Court Did Not Err When it Found that the Legal Malpractice Action Brought by the Riches Was Not Property of the Estate

The question before the Court is whether the legal malpractice claim accrued prior to the petition date and is thus property of the bankruptcy estate.[1]  The Bankruptcy Court determined that the malpractice claims did not accrue prepetition, and therefore are the property of the Plaintiffs, not the estate.  As a threshold issue, the Court must determine whether state or federal law applies in its analysis of when the malpractice claim accrued.  The Bankruptcy Court cited to the Ninth Circuit's holding in *Cusano v. Klein* that, in determining when a cause of action accrues, and therefore whether it accrued pre-bankruptcy and is an estate asset, the Court looks to state law. 264 F.3d 936, 945 (9th Cir. 2001).  Appellant argues that the Bankruptcy Court's determination is incorrect by citing to the Ninth Circuit's previous decision for the contradictory proposition that "federal law [] determine[s] when a claim arises under the bankruptcy code. *In re Zilog, Inc.*, 450 F.3d 996 (9th Cir. 2006).  In *Zilog*, the Court addressed the accrual of a claim against an entity that filed for bankruptcy.  This is distinct from both the instant case and *Cusano*, which considered the

---

[1] An "estate" is created when a bankruptcy petition is filed.  *See* 11 U.S.C. § 541(a). Section 541(a)(1) of the Bankruptcy Code defines "property of the estate" to include "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1).  Once the bankruptcy petition is filed, property rights which belong to the debtor become assets of the estate.  § 541(a)(1).  Accordingly, assets of the estate properly include any of the debtors' causes of actions.  *Cusano v. Klein*, 264 F.3d 936, 945 (9th Cir. 2001).

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.:  2:18-cv-01030 SJO                    DATE:  September 25, 2018
           2:16-bk-17275-ER

timing of the accrual of a claim by the debtor.  264 F.3d 936 (analyzing accrual and ownership of royalty claims for pre-petition compositions by an individual member of a band who filed for bankruptcy).  Like *Cusano*, the instant case considers whether an estate or the debtor is the owner of a claim against a third party, and thus, the Bankruptcy Court correctly found that, in the instant case, state law governs when the legal malpractice cause of action accrued.  Because the legal malpractice claim stems from legal advice the Riches received from their attorneys in California, we look to California law to determine whether the claim accrued prepetition.

A cause of action for legal malpractice does not accrue in California until (1) "the client discovers, or should discover, the facts establishing the elements of his cause of action," *Neel v. Magana, Olney, Levy, Cathcart & Gelfand*, 6 Cal.3d 176, 194, 491 P.2d 421, 433, 98 Cal.Rptr. 837, 849 (1971); and (2) there is "appreciable and actual harm flowing from the attorney's negligent conduct," *Budd v. Nixen*, 6 Cal.3d 195, 201, 491 P.2d 433, 436, 98 Cal.Rptr. 849, 852 (1971).  In *Budd*, the court held that a cause of action does not accrue until all the elements of the claim are present.  *Id*. at 203.  Since actual damages are an essential part of a malpractice suit, a tort action cannot accrue until damage has been caused.  *Id.*, supra, at 200, 491 P.2d at 436, 98 Cal.Rptr. at 852.  The California Court of Appeal has held that a malpractice action accrues "when the error becomes irremediable and the impact of the injury occurs." *Southland Mechanical Constructors Corp. v. Nixen*, 119 Cal.App.3d 417, 432, 173 Cal.Rptr. 917, 925 (1981); *see also Bell v. Hummel and Pappas*, 136 Cal.App.3d 1009, 1016, 186 Cal.Rptr. 688, 694 (1982).  Further, "It is not necessary that all or even the greater part of the damages have to occur before the cause of action arises."  *Bell*, 136 Cal.App.3d at 1016, 186 Cal.Rptr. at 694.  Here, the impact of Appellant's advice to file for bankruptcy did not occur until July 2016, when the Trustee told Appellees that he intended to sell their home, after they authorized the filing of a Chapter 7 Bankruptcy Petition.  Consequently, the Bankruptcy Court correctly determined that the legal malpractice claim did not accrue until after the commencement of the estate, and thus belongs to Appellees, not the estate.

> 2. The Bankruptcy Court Did Not Err When it Denied Defendants' Motion to Dismiss and *Sua Sponte* Remanded This Adversary Proceeding to Superior Court

The Bankruptcy Court found that, because the malpractice claim is not property of the estate, it lacks subject matter jurisdiction over the Complaint, and therefore remanded the action to the State Court.  Appellant argues that the Bankruptcy Court should have dismissed the case, since the Riches do not have standing to bring the suit, because the malpractice claim belongs to the estate.  As the Court has established, Plaintiff's malpractice claim belongs to the Appellees.

A bankruptcy court has jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11."  28 U.S.C. §1334(b). The Bankruptcy Court determined that it did not have jurisdiction ...."arising under," "arising in," and "related to" title 11.  The phrase "arising under title 11" in section 1334(b) describes "those proceedings that involve a cause of

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.:  2:18-cv-01030 SJO                       DATE:  September 25, 2018
           2:16-bk-17275-ER

action created or determined by a statutory provision of title 11." *In re Harris Pine Mills*, 44 F.3d 1431, 1435 (9th Cir. 1995) (quoting *In re Wood*, 825 F.2d 90, 96 (5th Cir. 1987)). Here, the cause of action arises under a state law claim, and thus does not arise under title 11. The phrase "arising in," although less clear, "seems to be a reference to those 'administrative' matters that arise only in bankruptcy cases." *Id*. (quoting *Wood*, 825 F.2d at 97). "In other words, 'arising in' proceedings are those that are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy." *Id*. A claim for legal malpractice arises under contexts outside of bankruptcy. Lastly, a proceeding is related to a case under title 11 if its outcome could conceivably affect the case. *In re Fietz*, 852 F.2d 455, 457 (9th Cir.1988). As the Bankruptcy Court correctly noted, the outcome of the case could not affect the bankruptcy estate because the estate has been fully administered, and the estate does not have an interest in the legal malpractice claim. In summary, the Bankruptcy Court does not have subject matter jurisdiction over the case, and, accordingly, the Bankruptcy Court correctly remanded the case to the State Court.

III.    RULING

For the foregoing reasons, the Court finds that the Bankruptcy Court did not abuse its discretion in remanding the case *sua sponte* to State Court and denying the motion to dismiss, and **AFFIRMS** the Bankruptcy Court's Order.

IT IS SO ORDERED.